LOUISE MAROS, PLAINTIFF-RESPONDENT, v. TRANS-
AMERICA INSURANCE COMPANY, DEFENDANT-APPEL-
LANT.

Superior Court of New Jersey
Appellate Division

Argued April 5, 1977—Decided May 12, 1977.

Before Judges LYNCH, MILMED and ANTELL.

*Mr. Walter E. Monaghan* argued the cause for appellant (*Messrs. Haggerty & Donohue,* P. C., attorneys; *Mr. John S. Fitzpatrick,* on the brief).

*Mr. Thomas E. Napolitano* argued the cause for respondent (*Messrs. Napolitano & Napolitano,* attorneys).

PER CURIAM. Defendant issued its policy of automobile insurance to plaintiff's husband, Julius Maros, on November 17, 1975. Maros died December 19, 1975 from injuries sustained in a motor vehicle accident on December 15, 1975.

Defendant's policy provided the following "additional coverage" pursuant to *N. J. S. A.* 39:6A–4(c) of the New Jersey Automobile Reparation Reform Act:

Payment of essential services benefits to an injured person shall be made in reimbursement of necessary and reasonable expenses incurred for such substitute essential services ordinarily performed by the injured person for himself, his family and members of the family residing in the household, subject to an amount or limit of $12.00 per day. Such benefits shall be payable during the life of the injured person and shall be subject to an amount or limit of $4,380.00, on account of injury to any one person in any one accident.

By "essential services" is meant "those services performed not for income which are ordinarily performed by an in-

dividual for the care and maintenance of such individual's family or family household." *N. J. S. A.* 39:6A–2(b).

In relevant part *N. J. S. A.* 39:6A–4(d) provides:

In the event of the death of one performing essential services as a result of injuries sustained in an accident entitling such person to benefits under section 4 c. of this act, the maximum amount of benefits which could have been paid such person, under section 4 c., shall be paid to the person incurring the expense of providing such essential services.

The trial judge found that decedent had in fact provided "essential services" within the meaning of these provisions and received proof that plaintiff is now incurring the expense of providing "such essential services." The question presented in this action for declaratory judgment is whether under these statutory provisions plaintiff is now entitled to the full maximum benefit of $4,380 without proof of any expenses actually incurred. By granting plaintiff's motion for summary judgment the judge answered this question in the affirmative.

In arriving at its result the Law Division read the foregoing paragraph of *N. J. S. A.* 39:6A–4(d) as a plain and unambiguous mandate that the survivor be paid "the maximum amount of benefits" without taking into account that the "maximum amount of benefits" referred to was that "which could have been paid [the decedent] under section 4c." Under § 4(c) the only benefits to which decedent could have been entitled had he lived were "payment[s] made in reimbursement of necessary and reasonable expenses incurred," subject to the dollar limits stated.

█ "Reimbursement" presupposes previous payment by the insured. *Cf. Solimine v. Hollander,* 129 *N. J. Eq.* 264, 273 (Ch. 1941). The "maximum amount of benefits which could have been paid" to decedent, therefore, was only for the expenses he had actually incurred but not in an amount more than $4,380. Thus, under § 4(d) the plaintiff was entitled only to "reimbursement" for necessary and reason-

able expenses actually incurred up to the maximum amount that decedent might have been paid had he survived the accident.

 Our reading of the legislative intent is reinforced by the qualifying clause in § 4(d) that the benefits shall be paid to "the person incurring the expense," the unexpressed premise obviously being that the survivor will receive nothing more than indemnification for loss. This construction of the enactment is most compatible with the overall purpose of the legislation which is, as its title implies, "reparation."

We do not share the Law Division's view that requiring plaintiff to submit her claims for reimbursement as they arise is inconsistent with the goal of "prompt and efficient adjustment of claims." It is nothing more than would be required of her husband, in whose place she stands, had he lived.

Reversed.